# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

_____

UNITED STATES OF AMERICA,

                                                                  CR 11-1-BU-DWM

             Plaintiff,

     vs.                                                   ORDER

DELANO MARCEL SANCHEZ,

            Defendant.

_____

     Defendant moves to vacate his detention hearing set for January 31, 2011. The United States does not oppose the motion. Therefore, **IT IS HEREBY ORDERED** Defendant's January 31, 2011 detention hearing is **VACATED.**

     The Court has authority to detain a criminal defendant pending a trial if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). There exist, however, situations giving rise to a presumption of detention under the foregoing standard.

     The Court finds the Indictment filed in this case charges Defendant with conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846, and

1

distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). These charges invoke the presumption contained in 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community, and that the Defendant should be detained. This presumption, however, is rebuttable.

Although the presumption imposes a burden of production on the defendant, the burden of persuasion with regard to both the risk of flight and dangerousness remains with the government. *United States v. Moss*, 887 F.2d 333, 338 (1st Cir. 1989). Nonetheless, a defendant must still produce some relevant evidence to satisfy his burden of production. *United States v. Jessup*, 757 F.2d 378, 381 (1st Cir. 1985).

Since, at this time, Defendant has waived his right to a detention hearing, he has not met his burden of producing evidence to rebut the presumption of his detention. Therefore, pursuant to the statutory presumption under 18 U.S.C. § 3142(e) the Court will order Defendant detained pending trial.

The Court will, however, leave the issue of Defendant's release or detention open. If Defendant desires a detention hearing he shall file a motion requesting the hearing as permitted under 18 U.S.C. § 3142(f).

Therefore, **IT IS HEREBY ORDERED** the Defendant is committed to the custody of the Attorney General or his designated representative for confinement

in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 28th day of January, 2011.

      /s/ Jeremiah C. Lynch
      Jeremiah C. Lynch
      United States Magistrate Judge